# Beckman *v.* Meadville & Cambridge Springs Street Railway Company, Appellant.

*Negligence—Street railways—Independent contractor—Cleaning and repairing cars.*

One street railway company may employ another street railway company as an independent contractor to clean and repair its cars.

In an action against a street railway company to recover damages for death, it appeared that at the point where the accident occurred, the tracks were the property of a traction company, but were in joint use by that company and the defendant under a traffic agreement, by which the defendant paid the traction company two and a half cents for every passenger it carried over the latter's line. The agreement also provided that the cars of the defendant were to be cleaned and repaired by the traction company. Two cars of defendant had been delivered under this agreement to the traction company, which dismantled one of them, attached it by chains to the other and started both towards the car barn for cleaning and repair. On the way the

coupling chains broke and the dismantled car ran on a down grade at increasing speed until it collided with the car of defendant on a siding. The deceased was a passenger on the car which was struck. The workmen who were engaged in repairing and cleaning the cars, were employed, controlled and discharged by the traction company, and an account was kept of their wages for such services, as a basis upon which the defendant paid. *Held,* (1) that the method of paying for cleaning and repairing on the basis of wages did not make the workmen, whose negligence caused the accident, coemployees of defendant; (2) that no joint obligation of both companies for the safe carriage of defendant's passengers arose from the payment to the traction company of two and a half cents for every passenger carried; (3) that the traction company was an independent contractor for cleaning and repairing, and as such that it and not the defendant, was liable to the plaintiff for the negligence of its workmen.

Argued April 30, 1907.   Appeal, No. 176, Jan. T., 1907, by defendant, from judgment of C. P. Crawford Co., May T., 1906, No. 36, on verdict for plaintiff in case of Byrninnia Beckman v. Meadville & Cambridge Springs Street Railway Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.   Reversed.

Trespass to recover damages for death of plaintiff's husband. Before THOMAS, P. J.

The facts are stated in the opinion of the Supreme Court.
The court refused binding instructions for defendant. [1]

The court charged in part as follows :

[We say to you as a matter of law, as between Mr. Beckman and his legal representatives and this defendant company, it could not relieve itself of its obligation to Mr. Beckman by giving a contract to some other company to repair its cars, or to operate its cars, and if the cars were being hauled on the contract of another company and results in an injury to Mr. Beckman, that would not relieve the defendant.   You see, the companies operated by agents ; a corporation cannot run a car ; they must have persons to do so ; and when the Meadville & Cambridge Springs Street Railway Company hired the Meadville Traction Company to repair its cars, the Meadville Traction Company and the persons working for it were the servants or agents of the Cambridge Springs line and the Meadville & Cambridge Springs Street Railway Company is responsible for the negligence, not

only of themselves, but for the negligence of those with whom they have contracted to do work in and about their line and cars.    Nor does it matter for the purpose of this case, whether the employees who were operating this car were employees of the Meadville Traction Company, or of the Meadville & Cambridge Springs Street Railway Company.   It may be there is some obligation and rights existing between these companies, but if the agent of the company that undertook to take John F. Beckman over its line was guilty of negligence which resulted in the death of Mr. Beckman, the Cambridge Springs Company is responsible for that act of the Meadville Traction Company.   It is responsible for the acts of its servants, and if the cars were being operated, as we say, it does not matter, for the purposes of this case, as to whether the persons operating those cars were at that time working for the Meadville Traction Company, or for the Meadville & Cambridge Springs Street Railway Company, providing they were acting for the defendant company as their agent or servants, and providing further, that they were guilty of negligence which resulted in the death of Mr. Beckman.   You can readily see that a trolley company could not delegate its right to use its road to some other person unless the legislature permitted it to do so, and thereby relieve itself from obligation to a person that it had obligated itself to carry safely over its line.   The only possible question that might arise as to this is as to whether or not these men were acting under the authority of neither company.] [10]

Verdict and judgment for plaintiff for $3,450.    Defendant appealed.

*Errors assigned* among others were (1, 10) above instructions, quoting them.

*J. P. Hunter*, of *Lyon, Hunter & Burke*, with him *A. G. Church*, for appellant.—The rule of res ipsa loquiter has no application, as the car causing the collision was operated solely by the Meadville Traction Company, and even if a presumption of negligence arises from the fact that the passenger was injured in the collision, that presumption was rebutted when it was shown that the car causing the collision was operated by the traction company on its own tracks, and by its own em-

ployees: Meier v. Penna. R. R. Co., 64 Pa. 225 ; Pennsylvania R. R. Co. v. MacKinney, 124 Pa. 462; Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180 ; Fredericks v. Northern Cent. R. R. Co., 157 Pa. 103 ; Fleming v. Ry. Co., 158 Pa. 130.

As the colliding car was being solely operated by the traction company, the defendant company was not liable for the negligence of the crew of that company : Van Steuben v. Central R. R. of N. J., 178 Pa. 367.

The men operating the colliding car were not the servants or employees of the defendant: Catawissa R. R. Co. v. Armstrong, 49 Pa. 186 ; Keck v. R. R. Co., 206 Pa. 501.

The car causing the collision was being operated by the traction company on its own road, and by its own employees. The defendant is not responsible for any negligence occurring in such operation: Wright v. Midland Ry. Co., Law Rep. 8 Exch. 137 ; Sprague v. Smith, 29 Vt. 421 ; Murray v. Lehigh Valley R. R. Co., 32 L. R. A. 539 ; Peters v. Rylands, 20 Pa. 497 ; Rauch v. Lloyd & Hill, 31 Pa. 358 ; Sullivan v. R. R. Co., 30 Pa. 234 ; McElroy v. R. R. Co., 58 Mass. 400 ; White v. R. R. Co., 136 Mass. 321 ; Kearney v. Central R. R. of N. J., 167 Pa. 362; McGovern v. Union Traction Co., 192 Pa. 344 ; Penna. R. R. Co. v. Spicker, 105 Pa. 142.

*James P. Colter*, with him *Thos. J. Prather* and *Manley O. Brown*, for appellee.—The defendant was liable : Peters v. Rylands, 20 Pa. 497 ; Rauch v. Lloyd, 31 Pa. 358 ; Littlejohn v. R. R. Co., 20 N. E. Repr. 103 ; Champion v. Bostwick, 18 Wendell, 175 ; White v. R. R. Co., 136 Mass. 321 ; Barter v. Wheeler, 49 N. H. 9 ; McElroy v. Nashua, etc., R. R. Co., 58 Mass. 400 ; Wabash, etc., Ry. Co. v. Peyton, 106 Ill. 534 ; R. R. Co. v. Barron, 72 U. S. 90 ; Brady v. Chicago, etc., Ry. Co., 114 Fed. Repr. 100 ; Pennsylvania Co. v. Roy, 102 U. S. 451 ; Sullivan v. R. R. Co., 30 Pa. 234 ; Oil Creek, etc., Ry. Co. v. Keighron, 74 Pa. 316.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 25, 1907 :

The essential facts so far as they concern the liability of the defendant are not in dispute. The tracks at the point where the accident occurred were the property of the Meadville Traction Company, but were in joint use by that company

and the defendant under a traffic agreement.  For the purposes of this case, therefore, they are to be considered as the property of each in turn while in use by it.   Under the agreement the cars of defendant were to be cleaned and repaired by the traction company.   Two cars of defendant had been delivered under this arrangement to the traction company, which dismantled one of them, attached it by chains to the other and started both towards the car barn for cleaning and repair.   On the way the coupling chains broke and the dismantled car ran on a down grade at increasing speed until it collided with the car of the defendant on a siding.   The plaintiff's husband was killed in the collision, and, being a passenger on defendant's car, the presumption of negligence arose and the burden of proof was on defendant to rebut it.   This was fully done.   The indisputable proximate cause of the accident was the breaking of the chain by which the dismantled car was attached to the one in front which drew it, and its thus being released from control and started on its dangerous descent.   The sufficiency of the means and method of attachment for purpose of traction was the only question of negligence in the case.   But it was not the negligence of this defendant.   The fact that the colliding car was the property of the defendant was immaterial.   For the time being it was the property of the traction company, having been delivered to it for repair and not yet returned.   Whether it was on its way to the car barn for further work or for storage or for delivery is not material, it had not been returned to the defendant but was still in the hands and under the control of the traction company which for this purpose was an independent contractor.   Cleaning and repairing cars was no part of the defendant's franchise which could not be delegated.   It was the ordinary case of an independent mechanic receiving an article for repair and while in custody of it so using it as to injure another person.   If the traction company had hauled the car out to the other end of its road for the repairs and the accident had taken place there where defendant's cars did not run no question would have arisen as to defendant's liability.   Yet the case is not different.   Neither the ownership of the colliding car nor the place of the accident has any relevancy at all to the question of defendant's liability.

The negligence, if any, from which the accident resulted was so far as the evidence showed that of the workmen who attached the dismantled car to the one drawing it. They were the employees of the traction company. Some effort was made to show that the defendant paid for their services, but the evidence only went so far as to show that as between the two companies the traction company was to repair and clean the cars at cost and that it therefore kept an account, inter alia, of the wages paid for such services and the defendant paid on that basis. The workmen themselves were employed, controlled and discharged by the traction company and were in no sense coemployees of the defendant.

Another effort was made to hold defendant liable on the ground that by the agreement it paid the traction company two and a half cents for every passenger it carried over the latter's lines, and therefore when the decedent paid his fare there arose a joint obligation of both companies for his safe carriage. But there is no basis for such claim. The defendant under the agreement was a lessee of running rights over the traction company's tracks, and the division of fares was only a method of estimating the rental to be paid. The traction company remained in the sole ownership and control of the road and the defendant no more entered into a joint liability by that arrangement than any other tenant by an agreement to pay rent to his landlord. The class of cases arising from accidents caused by defective roadbed, running regulations, etc., for which the joint users of the road are equally liable to their passengers, has no applicability to the facts of the present case.

Summing up the whole case briefly it shows the defendant using what must be treated as its own track, lawfully and without negligence, and having its passenger killed by the act of a third party, over whom it had no control and for whose action it was in no wise responsible. The presumption of negligence arising from the death of a passenger by collision having been fully rebutted and there being no evidence to show negligence in fact, the verdict should have been directed for the defendant.

Judgment reversed and judgment directed to be entered for the defendant non obstante veredicto.